UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DEAN BRAZIER,<br>   Plaintiff,<br>  v.<br>S. MORA, et al.,<br>   Defendants. | Case No. 23-cv-06527-EKL<br><br>**ORDER OF SERVICE** |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint (ECF No. 10).

## DISCUSSION

**Standard of Review**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act, or fails to perform an act that he is legally required to do, causing the deprivation of which the plaintiff complains. *Id.* at 633.

**Plaintiff's Allegations**

On December 28, 2021, defendant Mora informed plaintiff that a prison wide inspection was being conducted of inmates' personal electronic tablets. ECF No. 10 at 3. Plaintiff provided Mora with his tablet which was taken to another location and Mora did not provide any written paperwork in violation of prison regulations. *Id*. The tablet was later lost due to the negligence of prison employees. *Id*.

On January 18, 2022, plaintiff filed a grievance seeking the return of his electronic tablet. *Id*. On March 8, 2022, plaintiff received a Rules Violation Report (RVR) for possessing an unauthorized wireless component due to installing certain applications on the tablet. *Id*.; ECF No.

4 at 5. Plaintiff states the RVR was in retaliation for filing the inmate grievance. ECF No. 10 at 3 Plaintiff was found guilty at a disciplinary hearing, though he contends that the RVR was issued too late under prison regulations and the date of the offense was improperly changed. *Id*. at 4. Plaintiff lost time credits as punishment for the violation. ECF No. 4 at 7.

**Analysis**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (same). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

Neither the negligent nor intentional deprivation of property states a due process claim under Section 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due

process). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). *Heck* bars a claim of unconstitutional deprivation of time credits because such a claim necessarily calls into question the lawfulness of the plaintiff's continuing confinement, i.e., it implicates the duration of the plaintiff's sentence. *See Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (applying *Heck* bar to claim that officials used unconstitutional procedures in disciplinary hearing that resulted in deprivation of time credits if nature of challenge to procedures is "such as necessarily to imply the invalidity of the judgment").

In the original complaint, the Court found that plaintiff stated a retaliation claim against Mora but dismissed the remaining claims with leave to amend. The Court noted that plaintiff could not bring a claim regarding the RVR, because he lost time credits and it did not appear the finding had been reversed or expunged. Plaintiff was also informed that the negligent loss of property or violation of prison regulations failed to state a federal claim. He was provided an opportunity to present additional allegations for these claims.

The amended complaint is substantially similar to the original complaint and does not address the deficiencies noted by the Court. Therefore, the case continues with the retaliation claim against Mora but all other claims are dismissed for failure to state a claim, pursuant to the legal standards above.

**CONCLUSION**

1. The Court orders that defendant Custody Officer S. Mora be served electronically at Correctional Training Facility-Soledad for the claim of retaliation. All other claims and defendants are dismissed.

Service on the listed defendant will be effected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the operative amended complaint (ECF No. 10), this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk is also requested to serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR will provide the Court a completed CDCR Report of E-Service Waiver advising the court which defendant listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant declines to waive service or could not be reached. CDCR also will provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, will file with the Court a waiver of service of process for the defendant if he is waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk is requested to prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The Clerk will provide to the USMS the completed USM-285 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service. The Clerk will also provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. To expedite the resolution of this case, the Court orders:

a. No later than **sixty days** from the date of service, the defendant will file a motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation and will conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If defendant is of the opinion that this case cannot be resolved by summary judgment, they will so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court will be promptly served on the plaintiff.

    b. At the time the dispositive motion is served, defendant will also serve, on a separate paper, the appropriate notice(s) required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

    c. Plaintiff's opposition to the dispositive motion, if any, will be filed with the Court and served upon defendant no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

  If defendant files a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003).

    d. If defendant wishes to file a reply brief, they will do so no later than fifteen days after the opposition is served upon him.

    e. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  3. All communications by plaintiff with the Court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

  4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

  5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 4, 2025

_____
Eumi K. Lee
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.